Upson, J.
The first ground upon which the plaintiffs rely, in support of their motion, is that the facts set forth in the cross-petition of Mrs. Trevitt are not sufficient in law to maintain her action thereon against them, and that the district court therefore erred in overruling their demurrer. They insist that by virtue of the marriage the money which had previously belonged to the wife, and the proceeds of the promissory notes owned by her, became the absolnte property of the husband, and that any agreement made by him with her to invest the same for her benefit, was without consideration and void; and that the facts stated in the cross-petition created no implied, constructive or express trust in favor of the wife.
It is true that in 1839, when Trevitt received the money, and promissory notes from his wife, the rules of the common law with respect to the rights of a husband to the personal property and choses in action of his wife had not been materially changed in this state, and we do not question the authority of most of the cases cited by plaintiffs’ counsel; but the right given by the law was one which the husband could waive or surrender, even by agreement made after marriage.
In this case it is found by the district court that by agreement between the parties- before marriage, reaffirmed and *267 agreed to after marriage, the money was to be invested for the benefit of the wife, and that the money and promissory notes were received and the real estate purchased in pursuance of the agreement.
"We are of opinion that under these circumstances the money, and the proceeds of the promissory notes, did not become the property of the husband, but-did become the separate property of the wife, and that when the real estate was purchased and the title conveyed to him he held it in trust for his wife, and that this trust is valid not only against the husband but also against his creditors, no facts having been found by the court which estop her from asserting her title as against them.
The next question presented for oiir consideration relates to the construction of section 5211 of the Revised Statutes. It is claimed that the district conrt erred in admitting the testimony of the husband and wife concerning conversations with each other during coverture, in the known presence of a third person competent at the time of such conversations to be a witnesss, but who had died before the trial.
In behalf of the plaintiffs it is argued that the presence of a third person competent to be a witness is required “ because of the intention of the legislature to provide a witness to such disclosures who could testify to the same upon a legal trial touching the matters therein involved, and to protect still the parties themselves, as well as others against whom they may have a common interest by reason of their marital acts, from misrepresentation as to the truth of the same.” It is obvious, however, that this purpose could be quite as well effected by allowing such testimony, if the communications were made in the hearing of a third person, even if his presence were not known to the parties until afterwards.
Communications between husband and wife are not excluded on the ground of their common interest, or for the protection of those against whom they may testify, but because public policy requires that they shall not be allowed to betray the trust and confidence which are essential to the happiness of the married state. 1 Greenleaf Evid. § 254.
The reason for the exclusion ceases when the husband and *268 wife conclusively show, by making the communication in the known presence of a third person competent to be a witness, that it is not of a confidential nature, and that its disclosure can not violate any trust or confidence. We think the testimony was properly admitted.
■ It is claimed that the district court erred in other rulings, in regard to which we deem it only necessary to say that we find no error in those rulings.

Motion overruled.

Okey, J., having been of counsel, did not sit in this case.